## FARNSWORTH v. O'NEAL.

(Division A. Sept. 29, 1930. Suggestion of Error Overruled, November 24, 1930.)

[130 So. 101. No. 28784.]

Gardner, Brown & Backstrom and J. C. Ross, all of Gulfport, for appellant.

U. B. Parker, of Wiggins, for appellee.

Argued orally by **Oscar Backstrom**, for appellant and by **U. B. Parker**, for appellee..

**Smith, C. J.**, delivered the opinion of the court.

The appellee sued the appellant for a partition of a quarter section of land, alleging that he owned a one-sixth, and the appellant a five-sixth, undivided interest

therein. The case was tried on bill, answer, and proof, and a decree was rendered in accordance with the prayer of the bill.

The pertinent facts are, in substance, as follows: The land was owned in November, 1901, by G. V. Bond, a married man, who conveyed it to Mrs. Mary E. Jordan. Bond's wife did not join in the conveyance. Mrs. Jordan, who was married and living with her husband, moved on the land which thereafter constituted a part of her homestead, and in November, 1903, she conveyed it to W. W. Farnsworth and J. F. O'Neal. Her husband did not join in the conveyance. In December, 1904, J. F. O'Neal died intestate, leaving several minor children as his heirs at law. Shortly thereafter, the appellee, Van O'Neal, who had been duly appointed as guardian and next friend of these minors, sued Farnsworth for a sale of the land for a partition of the proceeds, and a decree was rendered accordingly. The land was sold by a commissioner appointed for that purpose, and purchased at the sale by W. W. Farnsworth. The minors' share of the price paid by Farnsworth therefor was paid over to and receipted for by Van O'Neal as their guardian and next friend. Mrs. Jordan had not then surrendered possession of the land, but remained thereon, claiming that her deed to Farnsworth and O'Neal was void, for the reason that her "husband had not joined therein." The appellee, Van O'Neal, then obtained a deed to the land from Bond and his wife, and conveyed a five-sixth interest therein to W. W. Farnsworth.

In October, 1907, Farnsworth filed a bill in the chancery court against Mrs. Jordan, Van O'Neal not being a party thereto, alleging the facts hereinbefore set forth and charging that Mrs. Jordan's deed from Bond was void, for the reason that the land was a part of his homestead and his deed thereto to Mrs. Jordan was not signed by his wife. The bill alleged that the complainant, Farnsworth, was "the legal and equitable owner in fee" of the

land. The allegation of the sale thereof by Van O'Neal to Farnsworth is as follows: "That . . . on to-wit, the ——— day of ——— 1907, the said Van O'Neal by his certain deed of that date and for the consideration therein named sold and conveyed the said parcels of land to said complainant, which said deed was duly recorded in Book —— page —— of Record of Deeds of said county." The prayer of the bill was that the complainant be adjudged to be "the real and true owner in fee simple of the land;" that Mrs. Jordan's claim to the land be canceled, and the complainant be granted a writ of possession. Mrs. Jordan, in her answer to this bill, among other things, asserted the validity of her deed from Bond, denied the validity of her deed to Farnsworth and O'Neal, and alleged that the deed from Bond to Van O'Neal conferred no title, for the reason that Bond then had no interest in the land to convey. The case was tried on bill, answer, and proof. Van O'Neal testified on behalf of Farnsworth, and, in the course of his testimony then given, he said he knew the suit was for the "confirmation of Farnsworth's title to" the land here in controversy. A decree was rendered canceling the deed from Bond to Mrs. Jordan, adjudging Farnsworth to be the owner of the land and awarding him a writ of possession. This writ was executed, and Farnsworth was put in possession of the land some time during the year, 1909, and he continued thereafter in the open and exclusive possession thereof, paying the taxes thereon and claiming it as his own until his death in 1928. His sole heir at law, as well as the sole devisee under a will executed by him, is the complainant herein, who is his widow.

The appellee's bill of complaint was filed in February, 1929. Farnsworth's possession of the land and his dealings therewith were evidently known to the appellee, who made no objection thereto, and asserted no claim to the land in so far as the record discloses until shortly before the bill of complaint was herein filed.

The appellant's claim is that her title to the one-sixth interest in the land claimed by appellee has been perfected by adverse possession.

The possession of the common estate by one tenant in common who received it by reason of the common title thereto is not adverse to his cotenants unless and until he actually ousts his cotenants or does something equivalent thereto. The land here in controversy was not received and entered upon by Farnsworth under a claim of title thereto vested in him and the appellee, but was received and entered upon by him by virtue of a writ of possession granted in a suit in which he claimed to be the sole owner of the land. The decree rendered in that suit was, of course, not binding on the appellee, as he was not a party thereto, but the suit and its result were known to him, and, therefore, when Farnsworth entered upon the land, the appellee knew that he claimed to be the sole owner thereof. This fact, followed by Farnsworth's continued, open, and exclusive possession for more than ten years, vested the full title to the land in him. Peeples v. Boykin, 132 Miss. 359, 96 So. 177.

The decree of the court will be reversed, and the bill dismissed.

While the case was pending in the court below, the land was sold by agreement, and a portion of the proceeds was deposited with the clerk of the court below to await the outcome of the suit. The judgment rendered here will include an order to the clerk directing him to pay the money so in his hands to the appellant.

Reversed, and bill dismissed.